## Childs v. Austin Supply Co., Appellant.

404

Argued April 17, 1962.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*John J. Tinaglia,* with him *Michael A. Foley,* for
appellant.

*Stanford S. Hunn,* with him *Benjamin Goldman,* for
appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, Sep-
tember 25, 1962:

This appeal challenges the propriety of the action
of a trial court, following a verdict for the defendant
in an assumpsit action, in granting a new trial solely
on the ground that the instructions of the trial court
to the jury failed to clearly delineate the issues to the
jury.

H. Schwartz & Son (Schwartz) in December, 1956,
purchased from Austin Supply Company, Inc. (Austin)
two Salamander Hi-Low Heaters.   These heaters were
manufactured in California by a company which is not
a party to this litigation.   One of these heaters, the
fuel for which was kerosene, was placed by Schwartz
in an unheated garage to provide temporary heat for
its employees working there.   From December 1956 to
April 8, 1957 the heater was in almost daily use with-
out incident.

On the afternoon of April 8, 1957, Willie Childs, an
employee of Schwartz, feeling chilly, commenced to

light the heater. He lit a match, bent over the heater, smelled the odor of kerosene, opened the regular lever and dropped a match into the aperture of the heater provided for that purpose. An explosion occurred, causing flaming fuel to be expelled from the heater, burning and injuring Childs.

Contending that the heater was not safe for industrial use and that Austin had impliedly warranted it to be safe, Childs instituted an action of assumpsit against Austin in the Court of Common Pleas No. 7 of Philadelphia County. After a seven day trial before Judge GERALD A. GLEESON and a jury, the jury returned a verdict in favor of Austin and against Childs. Childs filed a motion for a new trial which Judge GLEESON granted and from the grant of the new trial Austin took this appeal.

In granting a new trial, the trial court assigned *only one* reason therefor: "The Court erred in its charge to the jury. It is on this ground that we feel the plaintiff's argument has merit. The case was tried on the theory of an implied warranty of merchantability. While this is specifically alluded to in the charge . . ., nevertheless the Court feels that the portion of the charge transcribed on pages 642 to 653 of the notes of testimony failed to clearly delineate the issues involving breach of warranty. On the contrary, it very probably had the effect of confusing the jury on this important point. For this reason a new trial was granted."

The scope of our review in this type of situation has been well stated by former Chief Justice JONES in *Keefer v. Byers*, 398 Pa. 447, 449, 159 A. 2d 477: "Ordinarily, upon an appeal from the grant of a new trial, the appellant has the very heavy burden of endeavoring to establish that the action of the court below in such regard constituted a clear and palpable abuse of discretion: [citing cases]. However, where it clearly ap-

pears, either by certificate of the trial court or in its opinion on the new trial motion, that, except for the reason relied upon by the court for granting a new trial, judgment would have been entered on the verdict, the action of the lower court becomes reviewable, not for an abuse of discretion, but for the legal merit of the sole and exclusive reason assigned for the granting of the new trial: [citing a case]", except, for instance, where the reason assigned is the excessiveness or inadequacy of the verdict, in which event we review to determine whether the lower court has abused its discretion or committed an error of law: *Ischo v. Bailey,* 403 Pa. 281, 290, 169 A. 2d 38. "The latter contingency is the situation disclosed by the record in the instant case. The opinion for the court below makes it indisputably plain that, except for the reason deemed by the court as requiring a new trial, judgment would have been entered on the verdict for the defendant. We therefore have for review the merit, as a matter of law, of the reason assigned by the court below for its action." In the case at bar, we inquire into the merit of the reason assigned by the court below for the grant of a new trial and seek to determine whether the record supports the conclusion of the court below that the charge failed to "clearly delineate the issues involving the breach of warranty."

We have carefully scrutinized *in its entirety* the charge of the court, with particular emphasis as to the instructions given on the law as to breach of an implied warranty in the sale of goods. The court explained to the jury the meaning of both "warranty" and "implied warranty", by direct reference to the language of Section 2-314 of the Uniform Commercial Code,[1] instructed the jury that a warranty that goods are merchantable

---

[1] Act of April 6, 1953, P. L. 3, §2-314, 12A P.S. §2-314, as amended.

is implied in a contract for the sale of such goods if the seller of such goods is a merchant, stated that Austin was a "merchant" within the Code, explained the meaning of the word "merchantable" giving examples thereof, explained the meaning of "quality" in connection with "merchantable", particularly emphasizing that "safety" is an aspect of quality, explained that the heater was impliedly warranted to be fit for use in an industry such as Schwartz maintained and carefully and at some length explained the effect of instructions for the use of the heater on liability for injury arising from its use. The charge was lengthy and a large part thereof was devoted to the law on warranties implied in contracts for the sale of goods. We are satisfied that the charge adequately and properly instructed the jury and that the jury could in no manner be confused by such instructions.[2] We find no merit whatsoever in the reason assigned by the court below for the grant of a new trial. In our view, the matter was fairly and properly tried and the verdict rendered by the jury should stand.

Austin's counsel on this appeal has also urged that Childs failed to prove privity of contract between Austin and himself and therefore failed to prove an actionable cause in assumpsit. In view of the conclusion we have reached, it is unnecessary to consider this question.

Order reversed, with direction that judgment be entered on the verdict.

Mr. Justice MUSMANNO dissents.

---

[2] It is significant that Childs' counsel did not find the charge confusing or lacking in a clear delineation of the issues. The *sole* objection made to the charge, except as to the charge on damages, was to the definition of "merchantable" by the court and, even so, counsel conceded of record it was not a "major point".